1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   PATRICK ENDALE WOLDMSKEL,              | Civil No.    15-cv-2469 WQH (PCL)
12   Booking #15745637,                     |
13                          Plaintiff,       | **ORDER:**
14                                           | **(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 2]**
15                 vs.                       |
16                                           |
17   KEG N BOTTLE LIQUOR STORE,              | **AND**
18                                           | **(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)**
19                          Defendant.       |
20

21          Patrick Endale Woldmskel ("Plaintiff"), currently detained at George Bailey

22   Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, has

23   filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).

24          Plaintiff claims the Keg N Bottle Liquor Store, on El Cajon Boulevard in San

25   Diego, violated his Eighth Amendment right to be free of cruel and unusual

26   punishment on February 4, 2014. *See* Compl., ECF No. 1 at 3. Plaintiff contends an

27   unidentified employee of the store "just watch[ed]" as he was stabbed "multiple

28   / / /

1  times" by a customer inside the store, and "made no attempt to help [or] call

2  authorities." *Id.* Plaintiff seeks $3 million in general and punitive damages. *Id.* at 7.

3      Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to

4  Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

5  **I.   MOTION TO PROCEED IFP**

6      All parties instituting any civil action, suit or proceeding in a district court of

7  the United States, except an application for writ of habeas corpus, must pay a filing

8  fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to

9  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

10  § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if

11  the plaintiff is a prisoner, as Plaintiff is here, he may be granted leave to proceed IFP,

12  but he remains obligated to pay the full entire fee in "increments," *see Williams v.*

13  *Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is

14  ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d

15  844, 847 (9th Cir. 2002).

16      Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

17  ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the

18  trust fund account statement (or institutional equivalent) for the . . . six-month period

19  immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews*

20  *v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account

21  statement, the Court assesses an initial payment of 20% of (a) the average monthly

22  deposits in the account for the past six months, or (b) the average monthly balance in

23  the account for the past six months, whichever is greater, unless the prisoner has no

24  assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).

25  / / /

26

27      [1] In addition to the $350 statutory fee, civil litigants must pay an additional
administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of
28  Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50
administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified prison certificate issued by GBDF which attests as to his trust account activity pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account activity shows that while he made average monthly deposits of $125 to his account since July 2015, he had a current available balance of only $0.11 at the time he filed his Complaint. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Watch Commander at GBDF is directed to collect the entire $350 balance of the filing fees mandated by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a

claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may ///

not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.   State Action

First, the Court finds Plaintiff's Complaint fails to state a claim and must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and § 1915A(b)(1) because the only named Defendant, Keg N Bottle Liquor Store, is not a "person" alleged in any way to have "acted under color of state law." 42 U.S.C. § 1983; *Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Purely private conduct, no matter how wrongful, is not addressable under § 1983. *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).

Simply put–there is no right to be free from the infliction of constitutional deprivations by private individuals or entities. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). And although a private person may act under color of state law when engaging in a conspiracy with a state official to deprive a person of

federal rights, *see Tower v. Glover*, 467 U.S. 914, 920-23 (1984)*; Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), or by otherwise "act[ing] as an 'instrument or agent of the Government,'" *George v. Edholm*, 752 F.3d 1206, 1215 (9th Cir. 2014) *(quoting Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 614 (1989))*, Plaintiff's Complaint does not contain any "factual matter" sufficient to show that a conspiracy existed between Keg N Bottle Liquor Store and any state official, or that Keg N Bottle was "induce[d], encourage[d] or promote[d]" by a state actor "to accomplish what [the state] [wa]s constitutionally forbidden to accomplish." *George*, 752 F.3d at 1215 (quoting *Norwood v. Harrison*, 413 U.S. 455, 465 (1973) (internal quotation marks omitted)); *Iqbal*, 556 U.S. at 678.

### C.      Cruel and Unusual Punishment

Second, even if Plaintiff had pleaded "factual content" sufficient to "allow[] the court to draw the reasonable inference" that Keg N Bottle could be held "liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), the only constitutional "misconduct" described in Plaintiff's Complaint is alleged to arise under the Eighth Amendment. *See* Compl. at 3.

The Eighth Amendment's prohibition of "cruel and unusual punishments" applies only "after conviction and sentence." *Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977)). "[T]he Eighth Amendment . . . is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). And while a pretrial detainee may raise conditions of confinement claims similar to those made by convicted persons under the Due Process Clause of the Fourteenth Amendment, *see Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Redman v. County of San Diego*, 942 F.2d 1435, 1440, n.7 (9th Cir. 1991), nothing in Plaintiff's Complaint suggests he was in pretrial custody on February 4, 2014, which is when he alleges to have been injured inside the Keg N Bottle Liquor Store. *See* Compl. at 1, 3.

/ / /

For all these reasons, the Court finds that Plaintiff has failed to state a plausible claim for relief against any person subject to suit pursuant to 42 U.S.C. § 1983. Therefore, his Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

III.     CONCLUSION AND ORDER

Accordingly, the Court:

1.      **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.      **DIRECTS** the Watch Commander of GBDF, or his designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed by forwarding monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and sending those payments to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      **DIRECTS** the Clerk of the Court is directed to serve a copy of this Order on the Watch Commander, George Bailey Detention Facility, 446 Alta Rd., Suite 5300, San Diego, California, 92158-0002.

4.      **DISMISSES** Plaintiff's Complaint (ECF No. 1) for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5.      **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to re-open this case by filing an Amended Complaint which cures all the deficiencies of pleading described in this Order. If Plaintiff elects to file an Amended Complaint, it must be complete by itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.");

1   *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims

2   dismissed with leave to amend which are not re-alleged in an amended pleading may

3   be "considered waived if not repled.").

4        If Plaintiff fails to file an Amended Complaint within the time provided, this

5   civil action shall remain dismissed without prejudice based on Plaintiff's failure to

6   state a claim upon which relief can be granted pursuant to 28 U.S.C.

7   §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

8        **IT IS SO ORDERED**.

9   DATED:  January 21, 2016

10

11   **WILLIAM Q. HAYES**
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28